UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JON PILGRIM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br><br><br>　　　-v.-<br>MERCHANTS & PROFESSIONAL CREDIT BUREAU, INC. and JOHN DOES 1-25,<br><br>　　　　　　　　Defendants. | C.A. No: 1:18-cv-138<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jon Pilgrim (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, RC Law Group, PLLC, against Defendant Merchants & Professional Credit Bureau, Inc. (hereinafter "Defendant" or "M&P"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.　Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) as this is where the defendant is located.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a resident of the State of Texas, County of Caldwell, residing at 4328 Fm 2984, Luling, TX 78648.

9. Defendant Merchants & Professional Credit Bureau, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5508 Parkcrest Drive, Ste 210, Austin, TX 78731.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom Merchants & Professional Credit Bureau, Inc. sent a collection letter attempting to collect a consumer debt;

    c. that contained false and threatening deadlines for payment of the debt;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believe, and on that basis alleged, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibits A-C** violate 15 § l692e and §1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to February 15, 2017, an obligation was allegedly incurred by Plaintiff.

24. The alleged obligation arose out of a transaction involving medical debts allegedly incurred by Plaintiff with multiple creditors in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically in this instance it was multiple personal medical debts.

25. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. The owner of the obligation contracted the Defendant to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – February 15, 2017 Collection Letter*

29. On or about February 15, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt. **See February 15, 2017 Collection Letter – Attached hereto as Exhibit A.**

30. The letter stated: "**48 Hour Notice** – Your account is now being reevaluated. Additional collection efforts are certainly unwanted, but you help govern that. We must notify you, that at any time after 48 hours we plan to take collection action as appropriate to obtain payment in full."

31. Thereafter, Plaintiff received two additional letters from Defendant threatening similar deadlines for payments.

32. On March 1, 2017, Defendant sent Plaintiff another collection letter threatening "We are advancing your file 72 hours for payment in full. Bring this notice with your payment immediately." **See March 1, 2017 Collection Letter – Attached hereto as Exhibit B.**

33. On March 15, 2017, Defendant sent Plaintiff a third collection letter threatening "Do we show this account paid or unpaid? The choice is yours. All collection items are reportable for 7 years from the date of your service." **See March 15, 2017 Collection Letter – Attached hereto as Exhibit C.**

34. The threats in these letters contradict each other and are false since Plaintiff's account was clearly not escalated in 48 hours (see Exhibit A) and clearly not escalated in 72 hours (see Exhibit B) as he then received the third letter also threatening action (see Exhibit C).

35. These threats are false statements since the Defendant has no intention of escalating or changing the collection status, and only exist to coerce Plaintiff into paying immediately.

36. These threats are false as Defendant had no intention of doing anything but sending more collection letters as evidenced by its subsequent letters to Plaintiff.

37. The language in these letters suggests that Defendant plans to take legal action or more serious collection actions if Plaintiff does not pay within 48 or 72 hours which is additionally false and deceptive as Defendant does not intend to take such action.

38. This false and deceptive information put Plaintiff at an imminent risk of harm as he was being deceived to believe serious actions would occur, such as a lawsuit.

39. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e** *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section

   a. by making a false and misleading representation in violation of §1692e(10);

   b. by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

   c. my making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendant violated this section by overshadowing Plaintiff's rights to validate or dispute the debt provided him under the FDCPA.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jon Pilgrim, individually and on behalf of all others similarly situated demands judgment from Defendant Merchants & Professional Credit Bureau, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 15, 2018			Respectfully Submitted,

**RC LAW GROUP, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
ysaks@rclawgroup.com
*Attorneys For Plaintiff*